UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| COREY LEA, JOHN DOE, JANE DOE, SFE LAND AND CATTLE CO. INC., WILLIE KENNEDY, BARBARA KENNEDY, EDWARD WISE, JR., DOROTHY WISE, COREY LEA INC. | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 3:21-cv-00468 |
| THOMAS VILSACK in his official capacity as THE SECRETARY OF AGRICULTURE, THE UNITED STATES DEPARTMENT OF AGRICULTURE, ZACH DUCHENEAUX in his official capacity as FSA ADMINISTRATOR, FB FINANCIAL CORPORATION, COMMERCIAL CAPITAL BANK, LARRY HINTON, AMERICAN BANKERS ASSOCIATION, INDEPENDENT COMMUNITY BANKERS OF AMERICA, NATIONAL RURAL LENDERS ASSOCIATION, MIKE VAN DYKE | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions to dismiss filed by Independent Community Bankers of America ("ICBA") (Doc. No. 119), Mike Van Dyke in his official capacity as Sheriff of Robertson County, Tennessee (Doc. No. 126), American Bankers Association ("ABA") (Doc. No. 134), National Rural Lenders Association ("NRLA") (Doc. No. 168), Thomas Vilsack in his official capacity as the Secretary of The United States Department of Agriculture, with Zach Ducheneaux in his official capacity as Farm Service Agency Administrator ("USDA") (Doc No.

1

184), and FB Financial Corporation ("FirstBank") and Larry Hinton (Doc. No. 220).[1] For the reasons set forth below, the motions are **GRANTED**.

This action, and more than a dozen other actions filed in this and other federal courts, arises out of the foreclosure of Corey Lea's farm property in Warren County, Kentucky in 2009. Lea v. United States Departure of Agric., No. 3:16-CV-00735, 2017 WL 8890263, at *1 (M.D. Tenn. Dec. 11, 2017) (Lea I) ("In addition to the present case… plaintiff, Corey Lea, has filed at least eleven separate actions within the federal judiciary system based on the same set of facts….")[2]; Lea v. United States Dep't of Agric., No. 18-5535, 2019 WL 2246555, at *1 (6th Cir. Feb. 5, 2019) (Lea III) ("This is Lea's fourth appeal involving complaints about the foreclosure."). This well-traveled road is consistently re-paved with new and creative allegations, filed in different venues, at times involving different parties, in an attempt to relitigate Lea's myriad of claims related to the foreclosure. Though the names and faces may change, the Sixth Circuit has previously "determined that the Middle District of Tennessee was an improper forum for these claims… and that the proper venue was in Kentucky…." Id. at *2. The foreclosure claims have also been thoroughly litigated in the District Court for the Western District of Kentucky. So much so that that court has "found that [Lea] has repeatedly filed civil actions containing almost the same allegations… and that his submission of frivolous and duplicative lawsuits evinced bad faith and improper purpose warranting… permanent[] enjoin[ment] from filing any civil lawsuit in the [District] … arising out of any of the legal or factual claims alleged in th[e] action or any of the actions underlying it." Lea v. U.S. Dep't of Agric.-Off. of C.R., No. 114CV-40-R, 2014 WL 2435903, at *1 (W.D. Ky. May 29, 2014) (Lea V).

---

[1] Commercial Capital Bank has not filed a motion to dismiss.
[2] Report and recommendation adopted sub nom. Lea v. United States Dep't of Agric., No. 16-00735, 2018 WL 721381 (M.D. Tenn. Feb. 6, 2018) (Lea II), aff'd, No. 18-5535, 2019 WL 2246555 (6th Cir. Feb. 5, 2019) (Lea III) (quoting Lea v. United States, 126 Fed. Cl. 203, 206–08 (Fed. Cl. 2016) (Lea IV) (collecting cases).

Here, the Plaintiffs (collectively "the Farmers") claim that the USDA violated the Equal Protection Clause and the American Rescue Plan Act of 2021 by not resolving certain claims in a timely manner or failing to act. (Doc. No. 239, ¶¶2-6). These claims all derive from the original foreclosure in one form or another. Lea also makes several claims against the other defendants stemming from the foreclosure. Further, six months after the initial complaint, Lea filed a separate motion and memorandum of law directly requesting that the foreclosure judgment in Kentucky be set aside, and that the Court "return the property back to Corey Lea and Corey Lea Inc." (Doc. No. 64 at 1, 24). Again, this Court is not the proper forum for claims related to the foreclosure. (Doc. No. 180, at 2).

Venue

FirstBank and Hinton raise the issue of improper venue. (Doc. No. 221, at 7). The Court continues to agree that the Middle District of Tennessee is an improper venue for Lea's claims related to the foreclosure. Lea I, 2017 WL 8890263, at *4 ("This Court has previously found, and the Sixth Circuit has affirmed, that the Middle District of Tennessee is not the proper venue for an action stemming from the foreclosure of Lea's property."); Lea III, 2019 WL 2246555, at *2 ("Lea raises similar, if not identical, claims regarding the property foreclosure that he raised in his previous action in the Western District of Kentucky. We already determined that the Middle District of Tennessee was an improper forum for these claims.") (citing Lea v. Warren Cnty., No. 16-5329, 2017 WL 4216584, at *1 (6th Cir. May 4, 2017) ("Lea VI")).

Lea propounds fourteen causes of action against FirstBank and Hinton, including "Kentucky Common Law Fraud;" "Fraud by Omission;" "Breach of Contract;" claims under the "Tennessee Consumer Protection Act of 1977;" "Statutory Procurement of a Breach of Contract [under the] American Rescue Plan Act;" "Intentional Interference with Existing Contractual

3

Relations;" "Civil Conspiracy;" violation of the "Doctrine of the Covenant of Good Faith and Fair Dealing;" violations of 42 U.S.C. §§ 1981, 1983, 1985, & 1986 of the Civil Rights Act of 1991; violations of the Equal Credit Opportunity Act ("ECOA"); and "Repudiation of a Contract" (Doc. No. 239, at 33, 35, 40, 43, 46, 51, 52, 54, 61, 63, 65, 66, 68, 73). This abundance of allegations all stems from the foreclosure of Lea's property in Kentucky. (See, e.g.,: Doc. No. 239, ¶122 ("Defendant Tom Vilsack closed the complaint without notifying the complainant in order to conspire with AUSA Michael Spalding and private bank attorney Larry Hinton to foreclose on the farm parcel belonging to plaintiffs Corey Lea and Corey Lea Inc."); ¶150 ("Defendants Larry Hinton and First National Bank (Formerly Farmers National Bank) did breach the guaranteed loan contract held by the Dept. of Agriculture by not receiving permission from the Department of Agriculture to foreclose on farmland belonging to Corey Lea and Corey Lea. Direct Evidence presented and direct damages are appropriate.")). Therefore, venue is inappropriate regarding FirstBank and Hinton. Lea III, 2019 WL 2246555, at *2.

As this Court has previously stated "venue… must be proper as to each claim and as to each defendant…." Hamm v. Wyndham Resort Dev. Corp, No. 3:19-CV-00426, 2020 WL 5995050, at *7 (M.D. Tenn. Oct. 9, 2020) (citing Reilly v. Meffe, 6 F. Supp. 3d 760, 765 (S.D. Ohio 2014)). See Overland, Inc. v. Taylor, 79 F. Supp. 2d 809, 813 (E.D. Mich. 2000) ("[V]enue must be proper with respect to *all* Defendants, which Plaintiff has not shown.") (emphasis kept). Because venue is improper as to FirstBank and Hinton, the Court may "(1) dismiss this action pursuant to 28 U.S.C. § 1406(a), (2) transfer the entire case to another district where venue is proper for all Defendants pursuant to 28 U.S.C. § 1406(a), or (3) sever the claims in the case, retain jurisdiction over the Defendant for whom venue is proper, and transfer the other claims." Id. See Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 296 (3d Cir. 1994).

4

The Western District of Kentucky is the proper venue for claims related to the foreclosure. Lea I, 2017 WL 8890263, at *5. However, due to the filing ban instituted by that court on claims based upon or arising out of the foreclosure, transfer to that district is inappropriate, and would not serve the interest of justice. Id.

Severing the claims is also improper, as all of the claims are related to the foreclosure, and therefore all of the claims are improperly venued. Lea III, 2019 WL 2246555, at *2. Additionally, it does not appear that the Farmers have standing regarding their claims against the USDA, personal jurisdiction is improper as to the ICBA, the ABA, and the NLRA[3], and Lea's claims against the Sheriff are likely time barred, in addition to other jurisdictional deficiencies.

Therefore, the Court concludes that the proper course is to dismiss this action pursuant to 28 U.S.C. § 1406(a). For these reasons, the case is dismissed. The clerk shall close this file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] "When challenged, 'the plaintiff bears the burden of establishing the existence of personal jurisdiction.'" Pearl Records, Inc., Horse of Troy Productions Inc., and Melcher Media, Inc., v. Craig Conner, No. 3:22-CV-00096, 2023 WL 351203, at *3 (M.D. Tenn. Jan. 20, 2023) (quoting AlixPartners, LLP v. Brewington, 836 F.3d 543, 548 (6th Cir. 2016)). This Court views the pleadings and affidavits in the light most favorable to the Farmers to determine whether they have set forth "specific facts showing that the Court has jurisdiction." Brewington, 836 F.3d at 549. Here, the ICBA, ABA, and NLRA, challenge this Court's personal jurisdiction over them. (Doc. Nos. 120, at 2; 135, at 10; 169, at 3; 221, at 3). The Farmers' responses to the ICBA and ABA's argument for dismissal on personal jurisdiction grounds are identical, as well as deficient to demonstrate personal jurisdiction. (Doc. Nos. 138, ¶9; 140, ¶9). The responses each consist of the same two bullet points, containing incomplete statements of law, with no facts, let alone specific facts establishing that the Court has jurisdiction. Similarly, the Farmers' response to the NLRA's motion erroneously discusses diversity jurisdiction and does not address the legal framework of personal jurisdiction. (Doc. No. 171, at 1). Additionally, the Farmers' response to the NLRA contains only a single conclusory allegation that "the Banking Defendants took discriminatory action in [Washington] DC and the affects were felt in Tennessee" (Doc. No. 171, at 4), with no reference to any specific facts, nor controlling law related to personal jurisdiction. See generally Conner, 2023 WL 351203, at *4 n.3 (conclusory allegations without factual predicate and evidentiary support cannot establish personal jurisdiction). Therefore, the Court concludes that the Farmers have not satisfied their burden of putting forth sufficient facts to establish personal jurisdiction in this Court over the ICBA, ABA, or NLRA, and these parties must be dismissed. See Malone v. Windsor Casino Ltd., 14 F. App'x 634, 636 (6th Cir. 2001) (failure to plead or raise any facts which state a prima facie case for personal jurisdiction will result in dismissal).