# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| COREY LEA, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 3:21-cv-00468 |
| U.S. DEPARTMENT OF AGRICULTURE, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On January 30, 2023, the Court dismissed this case under 28 U.S.C. § 1406(a) for improper venue. (Doc. No. 240). Corey Lea and Corey Lea, Inc. (collectively, "Lea Plaintiffs") appealed that Order, and the Sixth Circuit affirmed. (See Doc. No. 251). Now before the Court are two motions filed by Lea, proceeding pro se, seeking to vacate the Court's January 30, 2023 Order under Federal Rule of Civil Procedure 60(d)(3). (See Doc. Nos. 254, 255). Also before the Court is Defendants FirstBank and Larry Hinton's Motion for Sanctions against the Lea Plaintiffs and their counsel. (Doc. No. 241). For the following reasons, Lea's motions will be denied, and the motion for sanctions will be granted in part.

## I. BACKGROUND

The Court incorporates by reference its January 30, 2023 Order dismissing this case, (Doc. No. 240), and will repeat only those background facts necessary for its discussion of the issues raised in the pending motions.

In sum, this is one of many cases filed by Lea arising out of the 2009 foreclosure and subsequent sale of his farm property in Warren County, Kentucky.[1] (Id. at 2). Lea's corporate

---

[1] See, e.g., Lea v. Farmers Nat'l Bank, No. 1:09-cv-00075 (W.D. Ky. 2009); Lea, Inc. v. U.S.

affiliate, Corey Lea, Inc.,[2] was a party to many of these lawsuits. For those cases filed in the Middle District of Tennessee, this Court and the Sixth Circuit repeatedly held that the Western District of Kentucky, not the Middle District of Tennessee, is the proper venue for Lea to litigate his claims related to the foreclosure.[3] (Id. at 3 (collecting cases)). However, because Lea filed numerous "frivolous and duplicative lawsuits" in the Western District of Kentucky that "evinced bad faith and improper purpose," the Western District of Kentucky permanently banned Lea from filing any additional lawsuits related to the 2009 foreclosure. (Id. at 2 (quoting Lea v. U.S. Dep't of Agric., 2014 WL 2435903, at *1 (W.D. Ky. May 29, 2014))). As a result, this Court dismissed the instant case under § 1406(a) because transfer to the Western District of Kentucky would be futile and would not serve the interest of justice. (Id. at 5).

On February 10, 2023, FirstBank and Hinton filed the pending Motion under Federal Rule of Civil Procedure 11 for Sanctions against the Lea Plaintiffs and their counsel Daniel Gagliano and Jillian Hishaw. (Doc. No. 241). Specifically, FirstBank and Hinton ask the Court to implement a filing ban against the Lea Plaintiffs for any claims related to the 2009 foreclosure,

---

Dep't of Agric., No. 1:10-cv-00029 (W.D. Ky. 2010); Lea v. U.S. Dep't of Agric., No. 1:11-cv-00094 (W.D. Ky. 2011); Lea, Inc. v. U.S. Dep't of Agric., No. 1:12-cv-00052 (W.D. Ky. 2012); Lea v. U.S. Dep't of Agric., No. 1:13-cv-00110 (W.D. Ky. 2013); In re Corey Montez Lea, No. 14-10581 (W.D. Ky. Bankr. 2014); Lea v. Farmers Nat'l Bank, No. 3:15-cv-00595 (M.D. Tenn. 2015); Lea v. Sonny Perdue, No. 1:19-cv-01720 (D.D.C. 2019).

[2] Plaintiffs' filings indicate that Corey Lea Inc. is "a dissolved Kentucky Corporation." (See, e.g., Doc. No. 101 ¶ 8).

[3] See Lea v. Farmers Nat'l Bank, 2016 WL 727775, at *1 (M.D. Tenn. Feb. 23, 2016) ("It is clear to both the magistrate judge and this court that this action belongs in Kentucky and that the plaintiff has only filed it in this district because he now is living in this district."); Lea v. U.S. Dep't of Agric., 2019 WL 2246555, at *2 (6th Cir. Feb. 5, 2019) ("We already determined that the Middle District of Tennessee was an improper forum for these claims."); see also Lea v. Farmers Nat'l Bank, 2016 WL 742549, at *2 (M.D. Tenn. Jan. 6, 2016); Lea v. Warren Cnty., 2017 WL 4216584, at *2 (6th Cir. May 4, 2017); Lea v. U.S. Dep't of Agric., 2017 WL 8890263, at *4 (M.D. Tenn. Dec. 11, 2017).

and they request an Order requiring the Lea Plaintiffs and their counsel to reimburse them for the $24,026.00 they incurred for drafting their motion to dismiss. (See id. at 1). In support of these requests, FirstBank and Hinton argue that the Lea Plaintiffs have engaged in "vicious and repeated abuses of the litigation process over the last fourteen years," and that "Galiano and Hishaw certainly received ample information regarding the [multiple dismissed] lawsuits and . . . why the claims that Plaintiffs currently are asserting against the Bank and Hinton lack validity." (See id. at 2, 10). Plaintiffs' counsel responded that they "did not intentional[ly] file anything frivolous," and that their "filings were docketed with competence and merit[.]" (Doc. No. 244 at 2).

Four days after filing their response to the sanctions motion, the Lea Plaintiffs appealed the Court's January 30, 2023 dismissal order. (See Doc. No. 245). On appeal, the Sixth Circuit affirmed the Court's Order and held once again that "[t]he Middle District of Tennessee is an improper venue for these claims." (Doc. No. 251 at 5). The Sixth Circuit also granted FirstBank and Hinton's separate motion for sanctions on appeal (see Doc. No. 256), finding that the Lea Plaintiffs' "appeal had no merit because neither Lea nor Hishaw identified any reasonable grounds to challenge the district court's conclusion that they sued in the wrong court." (Doc. No. 251 at 7). The Sixth Circuit further found that "the appeal arose from Lea's 'sheer obstinacy' given that we have twice before held that the Middle District of Tennessee is not the proper venue for his challenge to the foreclosure." (Id. at 5). Lea was ordered to pay FirstBank and Hinton $5,000.00 in damages under Federal Rule of Appellate Procedure 38, and Hishaw was ordered to pay them $1,500.00 in damages under 28 U.S.C. § 1927.[4] (Doc. No. 256 at 7).

---

[4] As of the date of this Memorandum Opinion, the Sixth Circuit's docket reflects that Hishaw satisfied her payment obligations, but Lea has not. See Lea v. U.S. Dep't of Agric., No. 23-5169 (6th Cir. 2023). FirstBank and Hinton have also filed a Motion for Contempt against Lea for failing to comply with the Sixth Circuit's sanction order. (See Doc. No. 258).

On the *same day* the Sixth Circuit imposed sanctions against Lea and Hishaw for filing a frivolous appeal, Lea, proceeding pro se, filed in this Court a "Motion to Leave Court to File Post Judgment Relief to Vacate Judgment Pursuant FRCP 60(d)(3) and Continue Pro Se Pursuant 15(a)(2)," (see Doc. No. 254), and a Motion to Vacate Judgment Pursuant FRCP 60(d)(3), (see Doc. Nos. 255, 255-1).

The Court will first address Lea's motions before moving to the motion for sanctions.

## II. LEA'S MOTION TO VACATE JUDGMENT UNDER RULE 60(d)(3)

Lea has moved under Federal Rule of Civil Procedure 60(d)(3) to set aside the Court's dismissal Order based on "fraud on the court." (See Doc. No. 255-1 at 1); see also Fed. R. Civ. P. 60(d)(3) (permitting district courts to "set aside a judgment for fraud on the court"). Post-judgment relief for "fraud on the court" is a narrow and "truly extraordinary" remedy. Gen. Med., P.C. v. Horizon/CMS Health Care Corp., 475 F. App'x 65, 70–71 (6th Cir. 2012) (citing Sup. Seafoods, Inc. v. Tyson Foods, Inc., 620 F.3d 873, 878 (8th Cir. 2010)). Indeed, the fraud-on-the-court doctrine reaches only "the most egregious conduct involving a corruption of the judicial process itself," including "such flagrant abuses as bribing a judge, employing counsel to exert improper influence on the court, and jury tampering." Id. at 71 (citations omitted). To show fraud on the court, a party must present *clear and convincing evidence* of the following elements:

> 1) conduct on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.

Id. (quoting Johnson v. Bell, 605 F.3d 333, 339 (6th Cir. 2010)). Given this exacting standard, "even fairly despicable conduct" such as perjury and non-disclosure by a single litigant likely "will not qualify as fraud on the court." Gen. Med., P.C., 475 F. App'x at 71.

Construed liberally, Lea's argument appears to be that FirstBank and Hinton's counsel

committed fraud on the court because she did not disclose a March 5, 2008 guaranteed loan contract between Lea and Farmers National Bank (FirstBank's predecessor-in-interest). According to Lea, Tennessee law governed this contract because the contract provides that: "The law of the state in which *you* are located will govern this note." (See Doc. No. 255-2 at 2 (emphasis added)). And because Tennessee law governed this contract, counsel for FirstBank and Hinton (who allegedly drafted the agreement) "did conceal the waiver and [FirstBank and Hinton's] consent to the jurisdiction and the laws of Tennessee," which in turn "could have defeated the defense of improper venue." (Doc. No. 255-1 at 5).

Here, Lea has not provided any evidence—let alone clear and convincing evidence—demonstrating that the Court was deceived by FirstBank, Hinton, or their counsel. Even assuming FirstBank and Hinton somehow had a "duty to disclose" an agreement that Lea himself signed, that document would not make the Middle District of Tennessee an appropriate venue for Lea's claims related to the foreclosure. Most notably, the March 5, 2008 contract unambiguously is governed by the laws of *Kentucky*, not Tennessee, because the term "you" refers to, and is defined as, Kentucky-based Farmers National Bank. (See Doc. No. 255-2). There are many other problems with Lea's argument, but this alone is fatal to Lea's motions.

Accordingly, the Court will deny Lea's pending motions because he has not provided clear and convincing evidence to prove "fraud on the court" under Rule 60(d)(3).

### III. FIRSTBANK AND HINTON'S MOTION FOR SANCTIONS

FirstBank and Hinton's Motion for Sanctions seeks monetary relief (in the form of attorney's fees) and equitable relief (in the form of a filing ban). (See Doc. No. 242 at 1). The Court will address these requests separately below.

#### A. Request for Attorney's Fees

Pursuant to Rule 11 and 28 U.S.C. § 1927, FirstBank and Hinton seek $24,026.00 in

attorney's fees from the Lea Plaintiffs, Gagliano, and Hishaw for having to research and draft an unnecessary motion to dismiss. (See Doc. No. 242 at 22–23). Rule 11 provides, in relevant part, that the Court may sanction parties or attorneys who submit pleadings with legal contentions not "warranted by existing law" or whose factual allegations have no evidentiary support. See Fed. R. Civ. P. 11(b), (c); see also King v. Whitmer, 71 F.4th 511, 521 (6th Cir. 2023). Section 1927 authorizes sanctions against an attorney who "knows or reasonably should know that a claim pursued is frivolous" and yet continues to pursue it. King, 71 F.4th at 530 (quoting Waeschle v. Dragovic, 687 F.3d 292, 296 (6th Cir. 2012)).

The Court agrees with FirstBank and Hinton that the Lea Plaintiffs' venue arguments were borderline frivolous, particularly given that this Court and the Sixth Circuit already held multiple times that claims related to the 2009 foreclosure could only be brought in the Western District of Kentucky. See Lea, 2016 WL 727775, at *1; Lea, 2019 WL 2246555, at *2; Lea, 2016 WL 742549, at *2; Lea, 2017 WL 4216584, at *2; Lea, 2017 WL 8890263, at *4. The only potential saving grace for the Lea Plaintiffs and their counsel, however, is that they argued in their opposition that "a contract between the Federal Defendants and the Lea Plaintiffs" made venue proper in Tennessee. (See Doc. No. 225 at 8). This argument ended up being wrong for several reasons, but the Court does not find that the Lea Plaintiffs or their counsel crossed the line into monetary sanctions territory by advancing that argument.

Although the Court has broad discretion to impose sanctions under Rule 11 and § 1927, see Fharmacy Records v. Nassar, 572 F. Supp. 2d 869, 879 (E.D. Mich. 2008) (citation omitted), it is mindful that a monetary sanction under either provision is an extraordinary remedy that should be used sparingly. One reason for not awarding additional fees in this case is that the Sixth Circuit recently ordered Lea and Hishaw to pay First Bank and Hinton a combined $6,500.00 for filing a

frivolous appeal. (See Doc. No. 256 at 7). The Court is cautiously hopeful that the Sixth Circuit's sanctions award will be sufficient to deter Lea, and certainly Hishaw, from filing additional motions and related lawsuits against FirstBank and Hinton in the future. See Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendments) (noting that "the purpose of Rule 11 sanctions is to deter rather than to compensate").

Another reason why the Court will not award additional monetary sanctions is that FirstBank and Hinton have not provided any declarations, itemized billing records, or time entries showing who worked on the motion to dismiss, how long it took to complete the motion, or the hourly rates for any attorneys or staff members who billed to the matter. Nor have they provided any explanation or expert testimony for their decision to propose a "twenty-percent reduction" on the $30,032.50 allegedly incurred, other than their statement that "they provided discounts to the client." (See Doc. No. 242 at 22). Sanctions for attorney's fees under Rule 11 or § 1927 must be "reasonable." Fed. R. Civ. P. 11(c)(4) ("The sanction may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees . . . directly resulting from the violation."); 28 U.S.C. § 1927 (noting that sanctions may include satisfaction of "attorneys' fees reasonably incurred because of" the sanctionable conduct). Thus, without more information, the Court is unable to determine whether FirstBank and Hinton's requested attorney's fees are reasonable.

B. Pre-Filing Restrictions

Although the Court will not award additional monetary sanctions at this time, the Court finds it appropriate and necessary to enjoin Lea and any of his agents, successors, assigns, attorneys, and affiliated companies (including Corey Lea, Inc.) from filing further serial lawsuits against these defendants without prior leave of Court. "The Court has a duty to protect and preserve the sound and orderly administration of justice," and "frivolous, vexatious, and repeated

7
Case 3:21-cv-00468    Document 259    Filed 08/01/24    Page 7 of 10 PageID #: 4837

filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit." Purk v. United States, 2005 WL 776135, at *3 (S.D. Ohio Feb. 4, 2005) (citations and internal quotation marks omitted). Pursuant to its "inherent power to control its docket," the Court may impose restrictions to prevent repetitive or vexatious filings such as "imposition of a prefiling injunction or sanctions . . . requiring the abusive litigant to pay the opposing party's attorney fees." Id. (citing Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998)). Indeed, the Sixth Circuit has held that "[t]here is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." Feathers, 141 F.3d at 269.

Here, Lea has made it abundantly clear that, undeterred, he will continue in his attempt to litigate any and all issues related to the 2009 foreclosure regardless of whether his arguments have merit. Lea recently exemplified this brazen behavior by filing a frivolous pro se motion to reopen this case *mere hours* after the Sixth Circuit sanctioned him for pursuing a frivolous appeal. It is unfair to require FirstBank, Hinton, or any other defendant to spend the time, money, and effort to defend against these types of claims. It also places an enormous unnecessary burden on the Court's docket and finite resources.

Accordingly, the Court will require Lea to seek leave and written permission from the Court before filing any new civil actions in the United States District Court for the Middle District of Tennessee concerning the subject matter of this action or any claims based upon, or arising out of, the 2009 foreclosure described above. Any request for leave shall be styled "Motion Pursuant to Court Order Seeking Leave to File Complaint." In the motion, Lea shall certify under oath or affirmation, and under penalty of perjury, that the complaint is not a repetition of his previous complaints or lawsuits, and that the new lawsuit is taken in good faith and that the claims he raises

are not frivolous or malicious. The proposed complaint must be attached to the request for leave of Court. Lea shall also post a $2,500.00 bond to cover costs, fees, and sanctions that may be levied against him. See Steward v. Fleet Fin., 229 F.3d 1154, at *2 (6th Cir. 2000) (Table) (affirming "district court's order requiring [plaintiff] to file a $25,000 bond along with any future civil action against any of the defendants in this case"). Failure by Lea to post a bond or seek leave of court shall require the Clerk of Court to reject his filing.

To be clear, this Order does not absolutely foreclose Lea from initiating an action in this Court. Instead, the purpose of this Order is to restrain Lea "from repeatedly filing an identical complaint," and to "place[] limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category." Feathers, 141 F.3d at 269. This Order shall also serve as a final warning to Lea that any future repetitive and meritless filings in the Middle District of Tennessee will likely result in monetary sanctions and even more filing restrictions. Last, the Court encourages all Plaintiffs not to make any more filings in the above-captioned case, which has been dismissed for improper venue and affirmed as much by the Sixth Circuit.

## IV. CONCLUSION

For the foregoing reasons, (i) Lea's "Motion to Vacate Judgment Pursuant FRCP 60(d)(3)" (Doc. No. 255) will be denied; (ii) Lea's "Motion to Leave Court to File Post Judgment Relief to Vacate Judgment Pursuant FRCP 60(d)(3) and Continue Pro Se Pursuant 15(a)(2)" (Doc. No. 254) will be denied as moot; and (iii) FirstBank and Hinton's Motion for Sanctions (Doc. No. 241) will be granted in part and denied without prejudice in part. As will be explained in more detail in the accompanying Order, the Court will also enjoin Lea from filing any new related matters in the Middle District of Tennessee without first obtaining permission from the Court and posting a $2,500.00 bond.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE